RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 JUN 30 A 10: 47

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Phillip McKinney, | C. A. No. 2:09-1353-JFA-RSC |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Cpl. D. Johnson; Ofc. Pate; Cpl. Spencer; Warden McKie, | |
| Defendants. | |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a former state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions for summary judgment and the plaintiff's motion to dismiss two defendants. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

1

On May 22, 2009, the plaintiff, John Phillip McKinney, sued Cpl. Johnson, Ofc. Pate, Cpl. Spencer, and Warden McKie, who were all officers at the South Carolina Department of Corrections' (SCDC) Kirkland Correctional Institution (CCI). Plaintiff claims he was subjected to excessive force in violation of the Eighth Amendment to the United States Constitution during an incident on October 2, 2008, when Cpl. Johnson sprayed the plaintiff's face with chemical munitions. Plaintiff seeks damages.[2]

On February 5, 2010, the defendants filed their motion for summary judgment. The plaintiff was provided a copy of the motion and on February 8, 2010 he was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The defendants then, beginning on February 22, 2010, and ending on March 10, 2010, filed various prison records in support of the summary judgment motion.

---

[2] He also seeks to have the defendant terminated from his employment from the SCDC, but in later pleadings he indicated that prayer was moot as the defendant was no longer employed at the SCDC. Nonetheless, a federal district court lacks the inherent power to hire, remove, or reassign officials not within the executive control of that federal district court. Maxton v. Johnson, 488 F.Supp. 1030, 1032 n. 2 (D.S.C. 1980), citing United States v. White County Bridge Commission, 275 F.2d 529, 535 (7th Cir. 1960).

Plaintiff filed a verified opposition to the motion on March 19, 2010, in which he asked that Defendants McKie and Spenser be dismissed from the case[3], and on March 29, 2010, the defendants filed a response in which they agreed that McKie and Spenser should be dismissed with prejudice from the case. Since Defendants' affidavits were filed after the first <u>Roseboro</u> order, and in an abundance of caution, another <u>Roseboro</u> order was entered on March 24, 2010. The plaintiff did not respond further. Hence it appears that consideration of the motion is appropriate.

## **SUMMARY JUDGMENT STANDARD**

To grant a motion for summary judgment, this court first must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party bears the burden of proof at trial. <u>Celotex Corp. v. Cattrett</u>, 477 U.S. 317 (1986).

---

[3] To the extent Plaintiff mentions "slander" and "biased treatment" in this pleading, those potential claims are not part of his complaint, are not properly before the court, and will not be addressed.

All evidence should be viewed in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-23 (4th Cir. 1990). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. CenTra, Inc., 947 F.2d 115, 119 (4th Cir. 1991); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Speculation is not enough to withstand a motion for summary judgment. Ash v. United Parcel Service, Inc., 800 F.2d 409, 411-12 (4th Cir. 1986). Indeed, the court should draw reasonable inferences on behalf of the non-moving party, but it must not slip into "sheer speculation." The court may not move beyond inference and into the realm of mere conjecture. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 242 (4th Cir. 1982). Such bald, unsupported, and conclusory allegations do not constitute evidence and therefore do not create triable issues of fact. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). A plaintiff's beliefs, just like conclusory allegations, speculation, and conjecture are simply insufficient to defeat a

properly supported motion for summary judgment. See, Ross v. Communications Satellite Corp., 759 F.2d 355,364 (4th Cir. 1995).

In summary, the plaintiff must present admissible evidence which raises a material and genuine factual dispute. "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.

**FACTS**

The facts, either undisputed or according to the plaintiff as the non-moving party, and taken in the light most favorable to the plaintiff are as follow.

First, Plaintiff filed a verified complaint which must be taken as true for summary judgment purposes. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

The complaint's "Statement of Claim" reads:

> On 10-02-08 Cpl. Johnson removed me from the chow line, claiming that I wasn't in compliance of the grooming policy I returned to C-II and asked C/O Pate about my face. She said my face was fine. Cpl. Johnson entered CII loud and bosteroise. She and I crossed words. I called her trailer trash along with other names. I was ready to take my sanctions for (836) disrespect. Cpl. Spencer and C/O Pate escorted me back to Room # 10. Cpl. Johnson step to me and demanded that I call her trailer trash again. I refused and I laid on my bed. Cpl. Johnson maced me while I was lying on my bed. I had my coat over my head. Cpl. Johnson Lock my door and turned of the water. I was left in my cell for over 35 minute before showering or going to medical. Cpl. Johnson wrote a boegus

5

statement saying I charged the door when she
attempted to close it. I had 11.4 g of chemical
munitions administered to the left side of my eye,
face and back of the head. This information is on
medical file. Cpl. Johnson refused to answer the
phone during OHO hearing. Case dismissed. (sic).

Plaintiff's verified opposition contains the following facts for purposes of summary judgment:

> ...Johnson sprayed the Plaintiff on the side of his facial area while he was lying chest down onto his prison bed... . Cpl. Sharon Spencer did help Plaintiff to a nearby shower, following that did take Plaintiff to medical with a wet towel over his head. He experienced pain and suffering.
> ...Defendant Johnson did fail to make herself available to be questioned after being informed on the phone that the hearing would commence in ten (10) minutes, resulting in the dismissal of the charge.

The plaintiff was examined by medical personnel an hour and fifteen minutes after the use of mace. At that time, watery eyes and some redness were noted, and it was recommended that the plaintiff take a second shower.

Following the incident the plaintiff was charged with refusing a directive and threatening to inflict harm on staff, but those charges were dropped when Defendant Johnson did not testify at the Disciplinary Hearing.

## **DISCUSSION**

A review of the record and relevant case law reveals that Defendants McKie and Spenser should be dismissed with prejudice on Plaintiff's unopposed motion, Defendant Pate should be granted

summary judgment, and summary judgment should be denied to Defendant Johnson in his individual capacity.

Plaintiff's claim that the incident described above constitutes excessive force is a claim under the eighth amendment, which attaches after conviction and sentence and protects prisoners from the infliction of "cruel and unusual punishments." See, Graham v. Connor, 490 U.S. 386, 392, 109 S.Ct. 1865, (1989). The "unnecessary and wanton infliction of pain," constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992); Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986); Ingraham v. Wright, 430 U.S. 651, 670, 97 S.Ct. 1401 (1977).

To determine whether a prison official has violated the eighth amendment, courts analyze both subjective and objective components. See, Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991). Specifically, this analysis requires "inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "What is necessary to establish an unnecessary and wanton infliction of pain" with regard to each component "varies according to the nature of the alleged

constitutional violation." Hudson, 503 U.S. at 5 (internal quotation marks omitted).

In an excessive force case, a plaintiff must meet a heavy burden to satisfy the subjective component of the claim; specifically, he must prove that correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. Whitley, 475 U.S. at 320-21; see also, Wilkins v. Gaddy, ___ U.S. ___, 130 S.Ct. 1175 (2010). The objective component of an excessive force claim is not nearly as demanding, however, because "[w]hen prison officials maliciously and sadistically use force to cause harm ... contemporary standards of decency are always violated ... whether or not significant injury is evidence. Otherwise, the eighth amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." Id.

The Supreme Court has directed that several factors should be balanced in determining whether prison officials acted maliciously and sadistically. These factors include (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably

8

perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. Whitley, 475 U.S. at 321.

Here, there is a genuine issue of material fact with regard to the alleged actions taken by Defendant Johnson. It appears that if a jury were to believe that Johnson maced the plaintiff after the plaintiff had been returned to his cell, was lying face down on his bed with his coat covering his head so that Johnson had to get the mace under Plaintiff's coat to hit him in the face, and then turned off the water to Plaintiff's cell for thirty-five minutes, it could reasonably find that Defendant Johnson acted maliciously and sadistically to cause harm to Plaintiff rather than to restore and maintain prison discipline. There are credibility determinations that are not appropriate for resolution on summary judgment.

To the extent that the plaintiff named Defendant Johnson in his official as well as his individual capacity, the defendant should be dismissed in his official capacity. See, e.g., Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989).

In his motion for summary judgment, the Defendant Johnson contends that he is entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982).

However, the plaintiff has a constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. Further, there are genuine disputes of material fact and it cannot be said as a matter of law that the elements of an Eighth Amendment claim cannot be met in this case. The court should deny defendant's motion for summary judgment based on qualified immunity.

Defendant Johnson also argued that the complaint must be dismissed because Plaintiff has not exhausted all of his available administrative remedies; he did not appeal the denial of his Step 1 and 2 grievances concerning the alleged incidents to the South Carolina Administrative Law Division. The defendant is incorrect.

The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance does not alter the federal Prison Litigation Reform Act by extending its administrative exhaustion requirements to include exhaustion in all state judicial forums. In § 1983 matters, Congress only intended that "administrative remedies" be satisfied. See, e.g., Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court), cert. denied, 437 U.S. 949

(2002); Brown v. Evans Corr. Inst. Med. Staff, 2007 WL 1290359, at 4 (D.S.C. April 30, 2007). Defendant's argument should fail.

Next, Plaintiff has presented nothing to establish that Defendant Pate violated his constitutionally protected rights. Plaintiff averred only that Pate, along with Johnson, escorted him back to Room #10 and that when asked, Pate said that Plaintiff's face looked fine. On this record, Defendant Pate is entitled to judgment as a matter of law.

## **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the Defendant Pate's motion for summary judgment be granted, Defendant Johnson's motion for summary judgment in his individual capacity be denied and in his official capacity be granted, and that Defendants McKie and Spencer be dismissed from the action with prejudice on the Plaintiff's motion.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
June 30, 2010

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within **fourteen (14) days** of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).