UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Phillip McKinney, | C/A No. 2:09-1353-JFA-RSC |
| Plaintiff, | |
| v. | **ORDER** |
| Cpl. D. Johnson; Ofc. Pate; Cpl. Spencer; and Warden McKie, | |
| Defendants. | |

Plaintiff John Phillip McKinney, a former state prisoner proceeding without assistance of counsel, brings this action pursuant to 42 U.S.C. § 1983 against Corporal Johnson, Officer Pate, Corporal Spencer, and Warden McKie, all officers at the South Carolina Department of Corrections. He claims that the defendants used excessive force on him during an alleged one-time macing incident in violation of the Eighth Amendment to the United States Constitution. At the time of the alleged incident, the plaintiff was incarcerated at the Kirkland Correctional Institution of the South Carolina Department of Corrections. The plaintiff seeks damages and the termination of certain defendants' employment.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation (the "Report") and opines that defendant Johnson's motion for summary

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

judgment[2] should be denied and defendant Pate's motion for summary judgment should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report, which was entered on the docket on June 30, 2010. While the plaintiff has not filed timely objections, defendant Johnson has filed a twenty-page objection memorandum and a supplemental objection to the Report.

As an initial matter, the plaintiff and defendants agree that defendants McKie and Spenser should be dismissed from this case. Accordingly, those defendants are dismissed with prejudice. The court will address the Magistrate Judge's recommendations as to the remaining defendants' (Pate and Johnson's) motions for summary judgment in turn.

I.  Factual Background

Plaintiff's claims center around an incident on October 2, 2008, at the Kirkland Correctional Institution. Plaintiff asserts[3] that defendant Johnson sprayed his face with chemical munitions, in this instance mace, and seeks damages for violation of his Eighth Amendment rights. The plaintiff's complaint states that the plaintiff was removed from the "chow line" by defendant Johnson because the plaintiff was not in compliance with the Department of Corrections grooming policy. After an exchange of ephithets and some name-

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

[3] Because the defendant is the moving party, the court must, at this juncture, accept all facts and the inferences to be drawn therefrom, in the light most favorable to the plaintiff.

2

calling, defendants Spencer and Pate escorted plaintiff back to his cell. Defendant Johnson then approached plaintiff and demanded that plaintiff call her "trailer trash" again. Plaintiff refused and then laid on his bed. Plaintiff claims that defendant Johnson maced him while he was lying on his bed with a coat over his head. Plaintiff alleges that defendant Johnson then cut off plaintiff's water and locked him in his cell for 35 minutes before affording him a shower. Plaintiff received medical attention an hour and fifteen minutes after the use of mace.

II.  Discussion

As the Magistrate Judge notes in his Report, plaintiff's claim that the mace incident constitutes excessive force is a claim under the Eighth Amendment, which attaches after conviction and sentence and protects prisoners from the infliction of "cruel and unusual punishments." *See Graham v. Connor*, 490 U.S. 386, 392 (1989). The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). To determine whether a prison official has violated the Eighth Amendment, courts must analyze both subjective and objective components. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Specifically, this analysis requires "inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "What is necessary to establish an unnecessary and wanton infliction of pain" with regard to each component "varies according to the nature of the

3

alleged constitutional violation." *Hudson*, 503 U.S. at 5.

In an excessive force case, a plaintiff must meet a heavy burden to satisfy the subjective component of the claim; specifically, he must prove that the correctional officers applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good-faith effort to maintain or restore discipline. *Whitley*, 475 U.S. at 320–21; *see also, Wilkins v. Gaddy* ___ U.S. ___, 130 S. Ct. 1175 (2010). The objective component of an excessive force claim is not nearly as demanding, however, because "[w]hen prison officials maliciously and sadistically use force to cause harm . . . contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.*

The Supreme Court has directed that several factors should be balanced in determining whether prison officials acted maliciously and sadistically. Those factors include: (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. *Whitley*, 475 U.S. at 321.

The Magistrate Judge opines that there is a genuine issue of material fact with regard

to the alleged actions taken by defendant Johnson.[4] The Magistrate Judge suggests that if a jury were to believe that Johnson maced the plaintiff after the plaintiff was returned to his cell, was lying face down on his bed with his coat covering his head so that Johnson had to get the mace under plaintiff's coat to spray the mace in plaintiff's face, and then Johnson turned the water off to plaintiff's cell for thirty-five minutes, a jury could reasonably find that Johnson acted maliciously and sadistically to cause harm to plaintiff rather than to restore and maintain prison discipline. The Magistrate Judge suggests that these are credibility determinations that are not appropriate for resolution on summary judgment.

In her motion for summary judgment, defendant Johnson contends that she is entitled to qualified immunity under *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, the Magistrate Judge opines that the plaintiff has a constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. Further, the Magistrate Judge finds that there are genuine disputes of material fact and that the court cannot say as a matter of law that the subjective element of an Eighth Amendment claim cannot be met in this case. The Magistrate Judge suggests that the court deny defendant Johnson's motion for summary judgment based on qualified immunity.

A.   Defendant Johnson's Objections

Defendant Johnson objects to (1) the Report's Eighth Amendment analysis; (2) the

---

[4] The Magistrate Judge suggests that to the extent that plaintiff named defendant Johnson in her official and individual capacity, the defendant should be dismissed in her official capacity. *See Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

5

Report's failure to address certain limitations on plaintiff's ability to recover compensatory damages; (3) the Report's finding that defendant Johnson's behavior constituted punishment for the purposes of the Eighth Amendment; and (4) the Report's finding on the availability of qualified immunity. The court will address each objection in turn.

1. Malicious and Wanton Conduct

Defendant Johnson argues that the court should find as a matter of law that her conduct was neither malicious nor wanton. However, the court has reviewed the Report and finds that the Magistrate Judge properly analyzed whether defendant Johnson's actions were malicious or sadistic using the factors as set forth in *Whitley v. Albers*, 475 U.S. 312, 321 (1996). Defendant Johnson makes much of the fact that the officer in *Whitley* shot an otherwise nonthreatening inmate without violating his Eighth Amendment rights, however the facts there indicated that the inmate was approaching a floor where an officer was being held hostage during a prison riot. Here, plaintiff was allegedly lying face down on his bed with a jacket over his face, maced, and then left without a means of mitigating the effects of the mace for a period of approximately 30 minutes. The facts in *Whitley* are simply inapposite.

2. The Core Inquiry

Defendant Johnson also challenges the Report's finding regarding the objective component of the Eighth Amendment analysis. Specifically, defendant Johnson argues that the nature of the force applied, in light of plaintiff's behavior, does not rise to the level of a Constitutional violation. Pursuant to *Wilkins v. Gaddy*, an alleged Eighth Amendment

6

violation must examine "the nature of the force—specifically, whether it was nontrivial and was applied maliciously and sadistically to cause harm." __U.S.__, 130 S. Ct. 1175, 1179 (2010). Taking the facts in the light most favorable to plaintiff, the court cannot say that a jury could not find for plaintiff. The nature of the force here applied was more than trivial. Taking the plaintiff's allegations as true, the force was applied to a docile inmate seeking to protect himself. Moreover, the water to his cell was allegedly cut off, giving rise to an inference that defendant Johnson sought to exacerbate his suffering.

   3.  42 U.S.C. § 1997e(e)

Defendant Johnson objects to the Report's failure to consider 42 U.S.C. § 1997e(e) and dismiss the complaint for failure to seek recoverable damages. Section 1997e(e) provides that absent a showing of physical injury, an inmate is barred from seeking compensatory damages in all federal civil actions alleging constitutional violations for mental or emotional injuries. *Jones v. Price*, 696 F. Supp. 2d 618, 624 (N.D. W. Va. 2010). However, it does not bar nominal or punitive damages. *See Calhoun v. DeTalla*, 319 F.3d 936 (7th Cir. 2003). Considering the availability of nominal and punitive damages, and the liberal construction afforded pro se pleadings, the court declines to dismiss plaintiff's complaint on this ground at this time.

   4.  "Punishment"

Defendant Johnson objects to the Report's implicit finding that the conduct at issue constitutes "punishment" under the Eighth Amendment. However, in the absence of Fourth Circuit authority on point, the court declines to dismiss the complaint on such a novel point

of law. *See Campbell v. Smith*, 2010 WL 1542644, at *5–6 (D.S.C. April 19, 2010) ("While other circuits have found that an isolated and unauthorized attack is not "punishment" under the Eighth Amendment's prohibition on "cruel and unusual punishment," there is no controlling case law in this circuit dictating that conclusion."). This issue may be raised again at trial.

5.  Qualified Immunity

Defendant Johnson seeks to avail herself of the doctrine of qualified immunity on the basis that the right violated was not clearly established at the time. The basis for this objection is that at the time of the alleged violation, the Fourth Circuit required injury of more than a de minimus nature in order to state a claim for an Eighth Amendment excessive force claim. *See Iko v. Shreeve*, 535 F.3d 225 (4th Cir. 2008)

The right at issue is the right to be free from cruel and unusual punishment. As detailed above, the court finds that genuine issues of material fact preclude summary judgment on the subjective portion of the Eighth Amendment analysis. Defendant Johnson now contends that the de minimus injury doctrine, which was good law at the time of the alleged conduct here, should allow her the protection of qualified immunity. However, even at the time of the alleged conduct, Fourth Circuit precedent indicated that "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996). "This is because, even when properly used, such weapons possess inherently dangerous

8

characteristics capable of causing serious and perhaps irreparable injury to the victim." *Id.* (internal citation omitted). Here, because *Williams* and *Iko* clearly indicate that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain, and based on the findings above, the court finds that qualified immunity is not available.

Assuming, arguendo, that plaintiff's injuries could be classified as de minimus, defendant Johnson had no way of knowing they would be at the time of the application of force. At that time, defendant Johnson knew that deployment of chemical munitions in excessive quantity or solely for the infliction of pain violates the Eighth Amendment. Accordingly, defendant Johnson can be said to have had fair warning that administering mace to an otherwise docile inmate and then depriving the inmate of a means of removing the spray by cutting off his water violates a clearly established right. *See Iko v. Shreeve*, 535 F.3d 225, 238 ("In the end, the lodestar for whether a right was clearly established is whether the law "gave the officials 'fair warning' that their conduct was unconstitutional." (quoting *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 313 (4th Cir. 2006))). At bottom, however, nothing about a post-hoc assessment of a plaintiff's degree of injury, informed as it is by the resilience of the victim and divorced in many ways from the conduct in question, bears on whether a defendant had prospective notice that her conduct violates a clearly established constitutional right.

III. Conclusion

After a careful review of the record, the applicable law, and the Report, the court finds the Magistrate Judge's recommendations to be proper. Accordingly, the court hereby overrules defendant Johnson's objections, adopts the Report in full, denies defendant Johnson's motion for summary judgment, and grants defendant Pate's motion for summary judgement.

The court also notes that defendants have filed a motion to dismiss for lack of prosecution (ECF No. 43) on the basis that plaintiff failed to notify the court of a change of his address. The docket reflects that plaintiff addressed this issue through a filing on the docket (ECF No. 45) approximately one week after defendants' motion was filed. Accordingly, the court finds this issue moot and hereby denies defendants' motion to dismiss for failure to prosecute.

This matter is hereby set for trial in the November/December 2010 term of court with jury selection to occur on November 9, 2010. The parties will be seasonably notified of the date for a pretrial conference, which will occur prior to jury selection.

IT IS SO ORDERED.

September 2, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge